**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4200-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

IESHA JOHNSON-ELLIS,

     Defendant-Appellant.

_____

Submitted April 1, 2019 – Decided April 10, 2019

Before Judges Haas and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 37-17.

Mark J. Molz argued the cause for appellant.

Jennifer B. Paszkiewicz, Assistant Prosecutor, argued the cause for respondent (Scott A. Coffina, Burlington County Prosecutor, attorney; Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Iesha Johnson-Ellis appeals from the Law Division's April 10, 2018 order denying her appeal from the municipal court's rejection of her application for entry into the conditional dismissal program pursuant to the requirements of N.J.S.A. 2C:43-13.1 to -13.9 (the Act). For the reasons that follow, we are constrained to reverse the April 10 order and remand for further proceedings.

To place this matter in context, we begin by briefly summarizing the key provisions of the Act.[1] Subject to certain exceptions set forth in N.J.S.A. 2C:43-13.1(b)(1),[2] a defendant who is charged with a petty disorderly persons offense

---

[1] The Act became effective on January 4, 2014.

[2] N.J.S.A. 2C:43-13.1(b)(1) states that

> [a] defendant shall not be eligible for participation in the conditional dismissal program if the offense for which the person is charged involved: (a) organized criminal or gang activity; (b) a continuing criminal business or enterprise; (c) a breach of the public trust by a public officer or employee; (d) domestic violence as defined by . . . [N.J.S.A. 2C:25-19]; (e) an offense against an elderly, disabled or minor person; (f) an offense involving driving or operating a motor vehicle while under the influence of alcohol, intoxicating liquor, narcotic, hallucinogenic or habit-producing drug; (g) a violation of animal cruelty laws; or (h) any disorderly persons offense or petty disorderly persons offense under chapter 35 or 36 of Title 2C.

A-4200-17T1

or disorderly persons offense, and who has not previously been convicted of such offenses or crimes, and who has not previously participated in one of the diversionary programs set forth in N.J.S.A. 2C:43-13.1(a), may apply to the municipal court to enter into "the conditional dismissal program" (the program). Ibid. The defendant must file the application "after a plea of guilty or a finding of guilt, but prior to the entry of a judgment of conviction." Ibid. The defendant must also provide "appropriate notice" to the municipal prosecutor that an application will be made, ibid., so that the prosecutor can make a recommendation to the municipal court judge as to whether the application should be granted or denied. N.J.S.A. 2C:43-13.2.

In addition to reviewing the municipal prosecutor's recommendation and the defendant's criminal record, ibid., the municipal court must also consider the following ten factors set forth in N.J.S.A. 2C:43-13.1(c):

> (1)  The nature and circumstances of the offense;
>
> (2)  The facts surrounding the commission of the offense;
>
> (3)  The motivation, age, character and attitude of the defendant;
>
> (4)  The desire of the complainant and victim to forego prosecution;

A-4200-17T1

> (5)    The needs and interests of the victim and the community;
>
> (6)    The extent to which the defendant's offense constitutes part of a continuing pattern of anti-social behavior;
>
> (7)    Whether the offense is of an assaultive or violent nature, whether in the act itself or in the possible injurious consequences of such behavior;
>
> (8)    Whether the applicant's participation will adversely affect the prosecution of codefendants;
>
> (9)    Whether diversion of the defendant from prosecution is consistent with the public interest; and
>
> (10)   Any other factors deemed relevant by the court.

If the municipal court grants the application after considering these criteria, the court will not enter a judgment of conviction and, instead, will "place the defendant under a probation monitoring status for a period of one year."[3] N.J.S.A. 2C:43-13.2. At the end of the probationary period, which may be extended for good cause, N.J.S.A. 2C:43-13.3, the court may dismiss the proceedings against the defendant provided he or she "has not been convicted of

---

[3] A defendant applying for admission to the program must pay a $75 application fee and, if he or she is subsequently admitted to the program, may be assessed an additional fee, which "shall not exceed the amount of a fine that would have been imposed for conviction of the offense charged." N.J.S.A. 2C:43-13.8.

4

any subsequent petty disorderly persons offense, disorderly persons offense or crime under any law of the United States, this State or any other state, and has complied with any other terms and conditions opposed by the court[.]" N.J.S.A. 2C:43-13.5.

> The conditional dismissal . . . granted pursuant to [the Act] shall not be deemed a conviction for the purposes of disqualification or disabilities, if any, imposed by law upon conviction of a petty disorderly persons or disorderly persons offense but shall be reported to the State Bureau of Identification criminal history record information files for purposes of determining future eligibility or exclusion from court diversion programs.
>
> [N.J.S.A. 2C:43-13.6.]

With this essential statutory background in mind, we turn to the facts of this case. Defendant was charged with assaulting two victims in a parking lot in violation of N.J.S.A. 2C:12-1(a)(1). Because this charge was neither a petty disorderly persons offense nor a disorderly persons offense, defendant was not eligible to apply for entry into the program. N.J.S.A. 2C:43-13.1(a). However, the charge was subsequently downgraded to the petty disorderly persons offense of harassment by offensive touching. N.J.S.A. 2C:33-4(b).[4] Because defendant

---

[4] The record does not contain any explanation for the charge downgrade.

A-4200-17T1

was now charged with a petty disorderly persons offense, and had no prior convictions, she was now eligible to apply to the program.

On December 18, 2017, defendant appeared in the municipal court. Her attorney advised the judge that defendant had agreed to plead guilty to the petty disorderly persons offense of harassment, and that she would like to apply to the program. In response, the judge stated that defendant was "not eligible for that type of program" because the charge "involves an assaultive behavior." Without any further explanation, the judge summarily denied defendant's application.

This ruling was incorrect because although the court is required to consider "[t]he nature and circumstances of the offense" and "[w]hether the offense is of an assaultive or violent nature," the Act does not automatically bar a defendant charged with an assault not covered by the exceptions set forth in N.J.S.A. 2C:43-13.1(b), from applying for the program.[5] N.J.S.A. 2C:43-13.1(c)(1) and (7). Therefore, the judge should have considered the application and made a determination as to whether, in combination with all of the other

_____

[5] We note that, effective August 10, 2015, the Legislature amended the criteria for admission into the Pretrial Intervention Program (PTI) to make clear, as it did in the Act, that any presumption against admission to PTI for applicants who had committed an act "of an assaultive or violent nature" did not apply beyond domestic violence offenders. See N.J.S.A. 2C:43-12(b)(2)(b) and (e)(10); L. 2015, c. 98, § 4.

statutory factors, the fact that the offense may have been "of an assaultive or violent nature" weighed against admission to the program.

We make two additional observations about the judge's ruling on defendant's application. First, although the municipal prosecutor's name is listed on the title page of the December 18, 2017 transcript, this individual did not enter an appearance in connection with defendant's plea, and made no comments during the entire proceeding. Thus, the municipal prosecutor never provided the court with a recommendation concerning defendant's application for entry to the program as required by N.J.S.A. 2C:43-13.2.

In addition, the judge did not mark any exhibits into evidence as required by Rule 1:2-3. Thus, while the judge would later state that he had defendant's criminal record available to him, we have no way of knowing what specific record was being referenced.

After the judge denied her application for admission to the program, defendant provided a factual basis for her guilty plea by stating that she "did commit an act of harassment by offensively touching the [two] victims in this matter as alleged[.]" No further details of the offense were provided. The judge

accepted the guilty plea, and ordered defendant to pay a $500 fine and other court costs.[6]

After imposing the sentence, the judge noted that one of the victims was present in the courtroom, and stated "we heard earlier from [this victim].  Is there anything you'd like to add at this time?"  The victim replied, "My sister is on her way.  I can't speak for her.  She is on call and I talked to the Prosecutor and he had me call her and my mom in because my mom was a witness."  The victim made no further statements and did not express any position on defendant's prior application for admission into the program under N.J.S.A. 2C:43-13.1(c)(4).

At the conclusion of the hearing, defense counsel asked the judge whether he had "reserve[d] [decision] on the issue of whether [defendant] can get a conditional dismissal."  The judge confirmed that he had "ruled that she can't[,]" and stated, "If you want to appeal that decision, . . . you certainly know how to do that, okay?"

Defendant filed an appeal to the Superior Court for a trial de novo.  In a trial de novo, the Superior Court (trial) judge is obliged to "determine the case

---

[6]  The judge also granted defendant's application for a civil reservation under N.J.S.A. 7:6-2(a)(1).

completely anew on the record made in the [m]unicipal [c]ourt," giving due, although not necessarily controlling, regard to the opportunity of the [municipal court judge] to judge the credibility of the witnesses." State v. Johnson, 42 N.J. 146, 157 (1964). Unfortunately, this did not occur.

Instead, the trial judge simply read the entire transcript of the municipal court proceeding into the record, and found that the municipal court judge did not abuse his discretion in denying the application. The trial judge did not make any independent findings of fact and conclusions of law as required by Johnson. Ibid.

The trial judge also overlooked the fact that the municipal court judge had summarily denied the application without considering any of the statutory factors under the mistaken belief that a defendant charged with an offense involving assaultive behavior was automatically barred from the program. Thus, without any support in the record, the trial judge concluded that the municipal court judge considered all of the factors set forth in N.J.S.A. 2C:43-13.1(c), including the "criminal case history" that was not entered as an exhibit during the plea hearing.

Although the victim never stated whether she supported or opposed defendant's application when the municipal court judge finally addressed her

after sentencing defendant, the trial judge found that the victim "wasn't thrilled about a conditional . . . dismissal[,]" apparently because she appeared at the hearing as requested by the prosecutor. The trial judge therefore rejected defendant's appeal from the municipal court judge's denial of her application. This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I
>
> THE [N.J.S.A. 2C:33-4(b)] AMENDMENT IS PERMISSIBLE UNDER THE CONDITIONAL DISMISSAL STATUTE.
>
> POINT II
>
> THE [N.J.S.A. 2C:33-4(b)] CHARGE IS NOT DISQUALIFIED FOR THE CONDITIONAL DISMISSAL STATUTE.
>
> POINT III
>
> FACTORS IN EVALUATING WHETHER THE COURT SHOULD ADMIT AN ELIGIBLE CANDIDATE INTO THE PROGRAM.

When the Law Division conducts a trial de novo on the record developed in the municipal court, "[o]ur review is limited to determining whether there is sufficient credible evidence present in the record to support the findings of the Law Division judge, not the municipal court." State v. Clarksburg Inn, 375 N.J.

Super. 624, 639 (App. Div. 2005) (citing <u>State v. Johnson</u>, 42 N.J. 146, 161-62 (1964)).  Having reviewed the record in light of our standard of review, we are compelled to reverse and remand this matter for additional proceedings.

As noted above, the trial judge mistakenly reviewed the municipal court judge's decision to determine whether that judge had abused his discretion in denying the application, rather than conducting his own independent, de novo review of the matter as required by <u>Johnson</u>, and making his own findings of fact and conclusions of law.  While a trial judge need not author a lengthy written opinion, or deliver an hour-long oral ruling to meet the requirements of <u>Rule</u> 1:7-4(a) in every case, the judge must always state what specific facts formed the basis of the decision, and then weigh and evaluate those facts in light of the governing law "to reach whatever conclusion may logically flow from" those facts.  <u>Slutsky v. Slutsky</u>, 451 N.J. Super. 332, 357 (App. Div. 2017).  Because the trial judge did not fulfill his obligation in this regard, a remand is required.

Moreover, the trial judge's determination that the municipal court judge considered all of the statutory factors has no support in the record.  Indeed, because the municipal court judge incorrectly denied defendant's application solely because her offense involved "assaultive behavior," that judge did not review any of the required factors.  Contrary to the trial judge's conclusion, the

victim never took a position on defendant's application. The municipal prosecutor's failure to make a recommendation on the application, or even speak on the record concerning it, is another reason supporting a remand.

In sum, defendant's application did not receive the consideration it was due under the Act. Therefore, we reverse the trial judge's order denying defendant's appeal, and remand to the Law Division for an independent, de novo review of the application as required by Johnson.

In remanding this matter, we make clear that nothing within this opinion forecasts any views on the merits of defendant's application for entry into the program. We say no more than that because the trial court failed to conduct an appropriate de novo review, provide independent findings of fact and conclusions of law, or render a decision that was supported by sufficient credible evidence in the record, the issues presented are not ripe for decision.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION